Next case is In Re Driven Innovations, 2016-1094. Mr. Lee. Good morning, Your Honors. May it please the Court. The Board, in affirming the refusal to register the MARC.blog, failed to introduce any evidence, let alone substantial evidence, to show that the MARC is merely descriptive, which would make it non-registrable, as opposed to suggestive, which would allow it to be registrable, as it relates to services of providing specific information requested by customers via the Internet. Can I ask you a question about your procedural argument first? Yes, Your Honor. The red brief points out that you were citing to the wrong edition, and in the gray brief you don't respond. Are you withdrawing your procedural argument,  The procedural issue, I think that it creates an assumption as to the bias of the Board in this case. At the initial onset, there was this clear review standard, or a standard of review for clear error. They've taken away that safeguard and allowed an appeal based on the merits.  Customers are the safeguard for driven innovations in this case with respect to their trademark. The only evidence introduced by the examiner in this case consisted merely of the definition of the word blog and website screenshots suggesting that period blog domain names may someday be available for registration, along with search engine results of the words .blog coupled with the additional term .gtld, which stands for generic top-level domain. Understanding that there might be a fine line between merely descriptive and suggestive were guided by the previous rulings in this regard. And the difference is, at least in theory, is that a customer or consumer must make a mental leap to understand the relationship between a suggestive mark and the product or service. Courts have explained that suggestive marks connote without describing some quality, ingredient, or characteristic of the product. A suggestive term suggests, but again does not describe, an attribute of the good. It requires the consumer to exercise his imagination to apply the trademark to the good. You had said that in your brief you mentioned a consumer survey, but I can't seem to find it in the record. Is it in the record? Your Honor, yes, it was submitted in reply to the office action. I could make a reference to it. Well, when you sit back down, you can see if you can find the actual site to it. I will do that, Your Honor. Okay. A suggestive mark thus requires the observer or listener to use imagination or perception to determine the nature of the goods. And to take that a step further, the courts have said a merely descriptive mark is very similar to an adjective. We've learned since we were in grade school that an adjective is something that describes something. In this case, taking the guidance from the courts, we turn to the proposed mark dot blog, spelled out D-O-T-B-L-O-G. And nowhere in the record is there any evidence indicating how the word dot singularly, the word blog singularly, or the composite term dot blog describes some quality, ingredient, or characteristic of the product. In fact, the only attempt to, in the board's ruling on page 17, taking the word dot says that the term indicates applicant provides an Internet-based service. Indicates is another word for suggest, not describes. The first part of a trademark, the dot in this case, is integral to the consumer recall. With respect to the second portion of it, they describe and define the word blog as an online journal. As an online journal. Now, although the term blog might create a link between the mark and the services, that is not enough, your honors. The case of the dial a mattress case is instructive in this regard. In that case, although the courts found the phrase dial a mattress certainly establishes a link between the telephone and bedding products, it does not begin to describe the nature, scope, or extent of the services that the name has come to represent. And that's the key here. There's nothing in this record that says that blog describes an element of the services. And if the applied for mark clearly does not tell the potential consumer of what the goods are, then the mark is merely descriptive. Can you envision a mark that might be descriptive of your services? I can, your honor. I think that if we, for example, dot blog search would be descriptive of that service. But the term blog alone, although it may relate to or establish a connection between the service and a blog, a blog, the actual service, doesn't really have anything to do with blogs other than that is a point of its search. The service does not host blogs. It doesn't create blogs. It doesn't write blogs for other people. There is clearly a situation here where a mental leap has to be established or has to be made in order to connect or relate that word blog to the services in this case. Is it your view that blog has nothing to do with dots? In this context, I don't think that blog has anything to do with dots. Dot is another specifier or an indicator in this case that the examiner failed to address whatsoever. They, without providing any evidence, defined the word dot only in a way that suits their purpose, stating that when the word dot spelled out D-O-T as it relates to when it comes before another word specifies a punctuation mark or a period. Now this is inconsistent with their prior argument where they're arguing that dot blog is a top level domain name. The examiners themselves had confusion as to what the services are, first arguing that it was a top level domain name and then rolling out that argument and relying on the merely descriptiveness argument. There are several examples where other marks that are much more suggestive have been ruled to be suggestive rather than descriptive. For instance, polypitcher was a mark that was used to describe polyurethane pitchers, which was ruled to be suggestive rather than descriptive. Sensormat is another mark that was not merely descriptive of an electronic sensormat to be placed under a patient. Snowrake was held not merely descriptive of a snow removal hand tool. So while a word in a trademark can establish a link, that is not enough to render it merely descriptive. There has to be something describing the services and that description of the services has to clearly indicate to the consumer what those services are. That standard has not been met in this case. But it has to indicate to the consumer what those standards are with an understanding of what the services are. Yes, Your Honor. And in light of the evidence in the record and keeping in mind the fact that any doubt as to whether a mark is descriptive, merely descriptive, as opposed to suggestive, if there's any doubt, that doubt has to be ruled in the applicant's favor. There is in the record also other examples of DOT formative trademarks, including DOT Vegas, DOT Video, DOT Cal, DOT Hosting, DOT Med, DOT Family, DOT Menu, and DOT Earth. The record shows over 65 registered DOT formative trademarks. Is descriptiveness a question of law or fact? Your Honor, I believe it's a question of fact. So there's some deference owed here. There is some deference, but there has to be substantial evidence to support the finding, Your Honor. And I don't believe that even a prima facie case was established to even shift the burden on the applicant in this case. They have to show that the mark describes the services, not establishes a link, but describes the services, and that is what they failed to do. Another interesting point is that around contemporaneously with my client's application of DOT blog, DOT sports was applied for and approved for registration. The statement of a use for DOT sports was an online website relating to sports. Now, if that wasn't held to be descriptive, I don't see that there's any way that DOT blog can be held to be descriptive of an online service providing specific information requested by customers on the Internet. There have also been registered trademarks with blog, including blog local, blog press, and blog scape. So while the term blog is used and obviously connotes some kind of connection between the mark and the services, that word doesn't describe the service and doesn't make it clear in a consumer's mind what that service is. And in light of that, the record here is not sufficient to uphold the refusal to register the mark DOT blog. Thank you, Your Honors. We will save the remainder of your time. Mr. Casperanti. Thank you, Your Honors. May it please the Court. The specimen of use in this case disclosed that the service is a search service that will get information from blog posts. It directly describes a particular feature or characteristic of the applicant's services. But it doesn't describe DOTs. It may describe a blog, but not DOTs. This is a search blog. Yes, that's right. And DOT doesn't describe anything different from an Internet search service that may or may not be directed towards blogs. And in fact, as the applicant has conceded, DOT does have an Internet connotation. So it doesn't distract away from the direct meaning of blog. Well, that's a suggestion, then, isn't it? A suggestion of an Internet connection. DOT by itself, I think, is descriptive, but it's less descriptive here than blog is. It does connote an Internet service, but together it doesn't distract away from the fact that blog is exactly what their search service is directed at. You know, as I understand your argument that that's your big focus is on blog here. You say it's just got to describe one aspect of the service, which I don't really completely understand when the service is broader than one aspect of it. So that would tend to mean, basically, that any mark that uses the word blog that has anything to do with blogs is completely off-limits because it is descriptive. Isn't that right? No, that's not what I'm saying, Your Honor. Well, the logic of your brief is exactly that. You say only has to do one aspect of the services, only has to describe one aspect of the services, and they say blog, and this has to do with blogs. Ergo, it's descriptive. You've got all of those other marks out there, like wallet blog. I mean, that has to do with blogs relating to money. How is that not descriptive when it's all about a blog? I don't know what the facts were in those other cases, and this Court's been clear that to just point to other registrations, you know, is not... Well, when you say you don't know what the facts are, you look to the registrations and you look to the services. I mean, I don't think you can easily dismiss all of those other registrations because there is an arbitrary and capricious overlay that we have here. You can't just say, okay, I'm going to give this blog mark a registration but not give this blog mark a registration, even though my rationale for denying it to one would apply equally to all the others. Well, we don't know what the services or goods were in all of those other different cases. Yeah, you do. They're in the registrations. And we don't know what the facts were as well that were behind that, what evidence that the examining attorney put in. That's the whole point. Trademark cases are very fact-specific. And this purported trademark really is not descriptive of the service, which is searching. I would... The way counsel has framed the argument, it's that the word has to describe the service basically to someone who doesn't know what the service is, so it has to give the full contours of the service. I would argue that it was the opposite. He just completely said... He agreed with me when I said it assumes that they know what the service is first. Right. If they do know what the service is, and the service here is an Internet search service where customers give information to the applicant, the applicant will then look for that information on blogs. And that's what they tell the customers. You give us this information, we'll look for blogs that talk about this, and we'll give you a search report. So the only search that they're doing, the only provision of specific information they're doing, is directed to blogs. And this court's been very clear that it only has to describe one feature or attribute. But you have to jump almost instantaneously, is the way the case law reads, to the conclusion that this phrase describes what you do. So what you're saying is, if the word blog is there, then I know exactly what you're doing. The word blog... Well, yeah. The service is directed to blogs, and the mark has blog in it. So the connection is direct and instantaneous. This concerns blogs. So, ergo, every single blog mark should be out. It depends what the word or the service is. If it has anything to do with a blog, it should be out. You could use blog for, you know, a beer, but you can't use blog if it has anything to do with blogs. It's not that it has anything to do. I think the directness of the connection has something to do. That's sort of the key of descriptiveness. And here, the connection is direct. Wouldn't the more likely description, or even the most likely suggestion, be that this has something to do with providing blogs or starting up blogs or helping someone put together a blog or improve their blogs? I think the fact that it might be descriptive of other hypothetical services doesn't detract from the fact that it does, in fact, describe the very thing they're searching in this service. The customers know that. That's what they're directing it at. That's what their report going back to the customers talks about, blogs. There's really no... There's no conflict or dispute about whether or not DOT has anything to do with anything other than the Internet here, even when they gave a hypothetical which wasn't supported by any evidence that DOT means dotting the Internet. They themselves connected to the Internet, which is part of their goods and services. What DOT blog seems descriptive of is a blog dealing with dots. That would be one thing it would be descriptive of. It doesn't mean that it is not descriptive of this particular service. A mark, I think this court has said in several different contexts, that just because a mark is generic or descriptive of one good doesn't mean that it's not generic or descriptive of another good as well. And if there are no further questions, I yield the balance of my time. Thank you, Mr. Casagrande. Mr. Lee has a little rebuttal time if he needs it. Thank you. Your Honor, I would... Your Honors, I would just like to address any concerns or comments that Your Honors may have at this point. And if none, I'll yield the remaining rebuttal time. Thank you, Mr. Lee. We'll take the case under advisement. Thank you, Your Honors. All rise. The Honorable Court is adjourned from day to day.